**FILED** FEB 24 2014 CLERK, U.S. DISTRICT COURT RICHMOND, VA

## United States District Court

### EASTERN DISTRICT OF VIRGINIA

UNITED STATES OF AMERICA

V.

DILADE McCOY

and

TAMARA WILLIAMS

Defendants.

**CRIMINAL COMPLAINT**

CASE NUMBER: 3:14MJ 69

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about November 28, 2013, in Chesterfield County, in the Eastern District of Virginia the defendant(s) did, (Track Statutory Language of Offense)

Knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance.

In violation of Title 18 United States Code, Section(s) 841(a)

I further state that I am a Task Force Officer assigned to the Drug Enforcement Administration, and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   X Yes __ No

Reviewed and Approved: _____ Angela Mastandrea-Miller, AUSA

_____
Signature of Complainant

Sworn to before me, and subscribed in my presence

February 24, 2014

Richmond, Virginia

/S/ _____
David J. Novak
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Thomas P. Kline, a Task Force Officer with the Drug Enforcement Administration (DEA), Richmond District Office, Department of Justice, Eastern District of Virginia, being duly sworn, state as follows:

### Introduction

1. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, § 2510(7). I am therefore an officer of the United States who is empowered to conduct investigations of, and to make arrests for, the offenses enumerated in Title 21. I am a narcotics detective with the Chesterfield County Police Department, and have been employed there since September 2001. I have been assigned to the narcotics division with Chesterfield County since 2006 and am currently assigned to the Drug Enforcement Administration Richmond District Office as a Task Force Officer (TFO) and have been so employed since November 2012. I have conducted investigations into the unlawful possession, possession with the intent to distribute, and distribution of controlled substances, as well as their associated conspiracies, in violation of Title 21, United States Code, §§ 841 (a)(1) and 846.

2. I present this affidavit in support of a criminal complaint charging Tamara WILLIAMS and Dilade McCOY, with knowingly and intentionally possessing with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code §841 (a).

3. The facts set forth in this Affidavit are based on your affiant's participation in this investigation and/or information provided by sources of information, special agents, task

force officers, sheriff's deputies, and police officers from various federal, state, and local law enforcement agencies. This affidavit is prepared solely for the purpose of establishing probable cause to support this criminal complaint. This affidavit is not intended to include every fact known to your affiant or the United States.

4. On November 28, 2013 the Chesterfield County Narcotics Unit executed a search warrant for 3012 Creswell Avenue, North Chesterfield, Virginia 23237. After knocking and announcing their presence, Chesterfield Police forced entry into the residence and located WILLIAMS and McCOY in a locked room inside the residence. As entry was made into that locked room, Detective Necolettos with the Chesterfield Police Department observed McCOY throw two packages (later identified as kilograms of cocaine) into a closet in the room. WILLIAMS and McCOY were arrested.

5. Upon his arrest, WILLIAMS was advised of his right pursuant to *Miranda* by Detective Partin. After acknowledging that he understood his rights, WILLIAMS stated that the three kilograms of cocaine that were in the living room belonged to McCOY. WILLIAMS stated that he had contacted McCOY to get three kilograms of cocaine for a subject that was supposed to show up at his house and buy it. WILLIAMS stated that he was a "middle man" for McCOY and the other subject, and he was just supposed to set up the deal. WILLIAMS stated that he knows a lot of people who need cocaine and McCOY is his source for cocaine. Det. Partin asked WILLIAMS why the cocaine was scattered throughout the living room. WILLIAMS stated that when they heard the police banging on the door McCOY grabbed the three kilograms of cocaine and was going to run out the back door. WILLIAMS stated McCOY stopped when he saw the police at the back door and ran back into the room and threw the kilograms near the closet.

6. Upon his arrest, McCOY was advised of his rights pursuant to Miranda by Detective Partin. After acknowledging that he understood his rights, McCOY agreed to speak with law enforcement. McCOY was advised by Det. Partin that he was observed by the police throwing kilograms of cocaine in the closet. McCOY stated "you really saw me throw them in there? Oh, I was smoking weed and I don't remember what I did. I don't know what I should say, I am going to get life for this shit. I am in the South now, I'm gonna get hung." McCOY continued to tell detectives that he lived in New York and he had no residence in Virginia. McCOY stated he was only in Virginia visiting friends.

7. Detectives recovered a handgun, and narcotics packaging materials, to include baggies and digital scales with white powder residue. Over $20,000 in United States currency was also recovered from different locations at the residence. Chesterfield County Police collected, packaged, and processed all evidence at this location. One of the kilograms was field tested with NARC kit 904 and was positive for cocaine.

8. Based upon my training and experience, I am aware that the quantity of cocaine recovered in this case is inconsistent with personal use, and consistent with the intent to distribute.

9. On November 29, 2013 DEA group 21 Task Force executed a search warrant at 4910 Packard Road, Glen Allen, Virginia 23060. Detectives were able to identify this location as the residence of Dilade McCOY. Detectives interviewed an individual at this location who stated that McCOY is her boyfriend and they have lived together at this address since 2010. The individual advised that McCOY had left this location on November 28, 2013 at approx. 1:00 am. She further stated that McCOY did not return by early the next

morning so she called all of the jails in the area and was able to locate him at the Chesterfield County Jail.

10. Agents recovered several cellular phones, ammunition, baggies with white powder residue, a digital scale, a sifter, and documents addressed to Dilade McCOY. All evidence was collected, packaged, and processed by the DEA at this location.

## Conclusion

11. Based on the aforementioned facts, this affiant submits that there is probable cause to believe that Tamara WILLIAMS and Dilade McCOY did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, § 841 (a).

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

_____
Thomas P. Kline, Task Force Office
Drug Enforcement Administration

Sworn and subscribed to before me
February __24__, 2014 in the City of Richmond, Virginia.

_____/S/_____
David J. Novak
United States Magistrate Judge